UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DYNZEL BROWN,<br><br>MICHAEL BROWN,<br>                    Plaintiff,<br><br>v.<br><br>Moses Olatunde<br><br>Blessed Moses Corporation<br><br>Law Office of Stephen T. David, P.C.<br><br>Attorney Stephen T. David<br><br>Beatrice Bamikole,<br><br>                    Defendant, | Civil Action No. |

## VERIFIED COMPLAINT

Plaintiffs Michael Brown and Dynzel Brown, pro se, bring this Verified Complaint and allege the following.

## PARTIES

1. Plaintiffs Michael Brown and Dynzel Brown ("Plaintiffs") are Massachusetts (Suffolk County) residents who reside at an illegal single-room occupancy unit (SRO) located at 6 Deering Road, Mattapan, MA 02126, which is owned by Defendant Beatrice Bamikole and managed by Defendant Moses Olatunde of Blessed Moses Corporation.

1

2. Defendant Moses Olatunde is the property manager and President of Blessed Moses Corporation, located at 3 Allied Drive, Suite #303, Dedham, MA 02026, who manages Defendant Bamikole's property, and is a resident of Massachusetts located in Suffolk County.

3. Defendant Blessed Moses Corporation is a Massachusetts corporation entity that has been involuntarily dissolved as of December 29, 2023, and has not filed an annual report since March 22, 2023, yet continues to operate unlawfully and is a Corporation of Massachusetts located in Suffolk County.

4. Defendant Beatrice Bamikole is the landlord and legal owner of 6 Deering Road, Mattapan, MA 02126, and is a resident of Massachusetts located in Suffolk County.

5. Defendant Law Office of Stephen T. David, P.C. is a third-party debt collection law firm located at 601 High Street, Suite #101, Dedham, MA 02026 and is a business of Massachusetts located in Norfolk County.

6. Defendant Stephen T. David is an attorney and third-party debt collector located at 15 Arrowhead Road, Walpole, MA, and serves as legal counsel for Defendants Bamikole and Blessed Moses Corporation. He is a Massachusetts resident and is located in Norfolk County.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Massachusetts, and all Defendants reside or conduct business here.

## STATEMENT OF FACTS

9. Plaintiffs Michael Brown and Dynzel Brown reside at 6 Deering Road, Mattapan, MA, in an illegal single-room occupancy unit.

10. On or about December 10, 2024, Defendant Moses Olatunde (Olatunde") , acting on behalf of Defendants Blessed Moses Corporation ("Moses") and defendant Beatrice Bamikole ("Bamikole") , issued a 2025 lease to Plaintiffs Michael Brown, Dynzel Brown and two other individuals renting rooms at 6 Deering Road, Mattapan, MA.

11. The lease required Plaintiffs Michael Brown and Dynzel Brown and their two other roommates that rented separate rooms to all be responsible for the electricity charges.[1]

12. The  building uses one shared utility meter for each floor not each room violation of Boston housing codes.

13. Each floor had approximately 4 individuals renting separate rooms, which defendants demanded all single room occupants to be responsible for the one electric utilities meter on each floor.

---

[1] Under Massachusetts law Utilities Must Be Separately Metered. See M.G.L. c. 186, § 22 Massachusetts law prohibits landlords from charging tenants for utilities (gas, electricity, water) unless the unit **is** individually metered for that tenant's exclusive use. the landlord must follow strict billing practices (e.g., providing actual usage data).

14. In Massachusetts, four individuals renting separate rooms cannot be made jointly or individually responsible for utilities when the utilities are not separately metered or controlled, especially in an SRO or similar shared housing setup. Trying to do so without following the proper legal steps can expose the landlord to civil liability, code violations, and contrary to 93A claims.

15. Defendant Moses Olatunde , Blessed Moses Corporation and Beatrice Bamikole, issued leases to the Plaintiff's and their other single room roommates which attempted to shift the responsibility for utility payments onto all tenants occupying Single Room Occupancy (SRO) units, thereby improperly passing the landlords' obligations onto the Plaintiffs and other tenants.

16. The lease also imposed a late fee on all the tenants if rent was not received within 10 days of the due date, contrary to Massachusetts law contrary to Massachusetts General Laws chapter 186, § 15B(1)(c).

17. In Massachusetts when utilities serve multiple units or common areas, the landlord is presumed responsible.

18. In Massachusetts Utilities like gas and electric that cannot be separated by tenant use are generally the landlord's responsibility under both the state Sanitary Code and consumer protection laws. See Sanitary Code Violation (105 CMR 410.354).[2]

19. Defendants Moses Olatunde, Blessed Moses Corporation and Beatrice Bamikole Utility system is not individually controlled and metered per each room.

---

[2] Trying to shift shared utility costs onto individual SRO tenants without proper metering and disclosures can be an unfair or deceptive act, contrary to Chapter 93A. Tenants may be entitled to triple damages and attorneys' fees if harmed by this illegal practice.

20. The Massachusetts State Sanitary Code on *legal Single Room Occupancy Units* requires landlords to provide heat, hot water, and electricity unless: The system is individually controlled and metered.

21. Plaintiffs Michael Brown and Dynzel Brown has always paid rent and we are good tenants.

22. On or about January 3, 2025, Plaintiffs Michael Brown and Dynzel Brown verbally objected to Defendant Olatunde regarding the unlawful lease terms.

23. Plaintiffs Michael Brown and Dynzel Brown informed Defendant Olatunde that utility charges for unmetered service and the 10-day late fee was contrary to M.G.L. c. 93A.

24. On or about January 3, 2025, plaintiff Michael Brown sent a demand letter on behalf of both plaintiffs to defendants Olatunde and Moses.

25. In January of 2025, the plaintiffs sent an MGL demand letter to defendants Olatunde and Moses.

26. In January of 2025, the plaintiffs sent defendants Olatunde and Moses a Massachusetts Debt Validation Regulation Act demand letter, no response was received.

27. On or about January 15, 2025, Plaintiffs Michael Brown and Dynzel Brown advised defendants Olatunde and Moses that they would withhold rent until the 2025 lease was corrected to comply with Massachusetts state laws on Utilities and had a 30 day late fee charge instead of a 10 day late fee charge..

28. Defendants Olatunde and Moses refused to give the Plaintiffs Michael Brown and Dynzel Brown a lease that reflects they will not be responsible for Untilities and a 10 day late fee.

29. On or about April 15, 2025, Defendant Olatunde demanded immediate payment of rent and threatened eviction and sent plaintiffs another Eviction notice without validating the debt under the FDCPA or the MDCRA.

30. On or about April 15, 2025, Defendant Olatunde falsely claimed the building would undergo renovations and that Plaintiffs Michael Brown and Dynzel Brown must vacate within 14 days.

31. As of June 5, 2025, no renovation permits had been filed, confirming the eviction threat was pretextual.

32. On or about March 28, 2025, Plaintiffs Michael Brown and Dynzel Brown received a 14-day Notice to Quit from Defendants Law Office of Stephen T. David and Attorney Stephen T. David without the debt being validated under the FDCPA or the MDCRA.

33. The Notice demanded $3,200 in alleged rent from December 2024 through March 2025 and threatened court action and no debt validation was given to plaintiffs

34. Plaintiffs Michael Brown and Dynzel Brown notified Defendants Law Office of Stephen T. David and Attorney Stephen T. David that debt validation requests had already been submitted to Defendants Olatunde and Moses and it wasn't answered.

35. Defendant Stephen T. David admitted he had not been informed of prior notices.

36. On March 28, 2025, Plaintiffs Michael Brown and Dynzel Brown sent a second set of demand and validation letters under M.G.L. c. 93A and FDCPA / MDCRA, and the original letters to Defendants Law Office of Stephen T. David and Attorney Stephen T. David.

37. Plaintiffs Michael Brown and Dynzel Brown forwarded all prior correspondence, including documentation proving their dispute and legal objections.

38. Plaintiffs Michael Brown and Dynzel Brown offered to settle and pay arrears if a legal lease was issued to Defendants Law Office of Stephen T. David and Attorney Stephen T. David.

39. Defendants Law Office of Stephen T. David and Attorney Stephen T. David responded and stated  that the landlord defendant Bamikole and Moses were not interested in collecting rent and simply wanted the Plaintiffs out.

40. Plaintiffs Michael Brown and Dynzel Brown submitted a formal settlement offer, which was rejected.

41. Defendants Law Office of Stephen T. David, Attorney Stephen T. David responded in writing and stated my clients (defendant Bamikole and Moses) will  "let the courts sort it out."

42. N or about May 2025 Defendants Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David and Beatrice Bamikole, initiated eviction proceedings in the Housing court without providing validation under the FDCPA, MDCRA or responded to plaintiffs MGL 93a Demand letter and notice  notices.

43. Defendants' Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David and Beatrice Bamikole, conduct was contrary to 940 CMR 7.00 and constitutes per se violations of M.G.L. c. 93A.

44. Defendants Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David and Beatrice Bamikole, failed to cease collection efforts after receiving written disputes from Plaintiffs Michael Brown and Dynzel Brown failed to provide required documentation: a new correct lease without plaintiffs being

responsible for the Utilities under a SRO , Plaintiffs payment history, or any original debt obligation.

45. Defendants Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David, and Beatrice Bamikole continued unlawful debt collection activity despite Plaintiffs' lawful requests, causing economic and emotional harm.

## COUNT I

**Violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Against Defendants: Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David, and Beatrice Bamikole**

46. Plaintiffs are "consumers" as defined under 15 U.S.C. § 1692a(3), and the Defendants, by engaging in the collection of residential rent and alleged arrears through legal threats and eviction notices, acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

47. Plaintiffs sent a written request for debt validation pursuant to 15 U.S.C. § 1692g, addressed to all named Defendants and it was never validated.

48. Despite receipt of this legally valid and timely request, Defendants failed to provide any validation or supporting documentation concerning the debt, and continued to pursue debt collection activities, including issuing a 14-day notice to vacate and initiating eviction proceedings in Housing court several months after receiving debt validations under the FDCPA and MDCRA.

49. These actions constitute a violation of both Plaintiff's rights under the FDCPA, including but not limited to 15 U.S.C. §§ 1692g(b), 1692e (false or misleading representations), and 1692f (unfair or unconscionable means to collect a debt).

**WHEREFORE,** Plaintiff respectfully requests:

- Actual damages;
- Statutory damages of up to $1,000 per Defendant under 15 U.S.C. § 1692k(a)(2)(A);

  Costs of this action and any further relief the Court deems just and proper

## COUNT II

### Violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A

**Defendants: Against Defendants: Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David, and Beatrice Bamikole**

50. On or about March 5, 2025, Plaintiff served all Defendants with a written demand for relief pursuant to M.G.L. c. 93A, § 9(3), identifying unfair and deceptive business practices.

51. Defendants failed to respond to the demand letter within the statutory 30-day period, and instead continued collection efforts, including eviction threats and legal action, without acknowledging or correcting the disputed conduct after plaintiff sent defendants Law Office of Stephen T. David, P.C., Attorney Stephen T. David, a second set of validation and MGL 93a demand letters and the original ones..

52. Defendants misrepresented the need for immediate property renovations as a false basis to coerce Plaintiff into vacating the premises despite no evidence of pending renovations, no permit filings, and no actual work being performed.

53. Defendants' acts and omissions including misstatements about utility responsibilities, false eviction justifications, and ignoring legal notices—constitute unfair and deceptive trade practices in violation of M.G.L. c. 93A, §§ 2 and 9.

**WHEREFORE,** Plaintiff respectfully requests:

- Actual damages;
- Statutory damages;
- Treble damages for willful and knowing violations;
- Attorneys' fees and costs (if applicable);
- Any other relief the Court deems just and proper.

## COUNT III

### Violation of Massachusetts Debt Collection Regulations, 940 CMR 7.00
### Defendants: Against Defendants: Moses Olatunde, Blessed Moses Corporation. Law Office of Stephen T. David, P.C., Attorney Stephen T. David, and Beatrice Bamikole

54. Plaintiff's March 5, 2025, letter served not only as a 93A demand but also as a debt validation request pursuant to 940 CMR 7.08(2), part of Massachusetts' debt collection regulations.

55. Defendants continued debt collection efforts, including threats of eviction and formal legal filings, without first complying with Plaintiff's request for debt validation.

56. Defendants' conduct violates 940 CMR 7.00 which prohibit collection activity without first providing required verification. Verification Requirements: If a debt is disputed in writing within 30 days, the creditor must cease collection activities until they provide specific documentation to the debtor or their attorney. This documentation, outlined in 940 CMR 7.08(2), includes copies of documents with the debtor's signature, payment history records, the original creditor's information (if applicable), and any judgment against the debtor.

57. Violation of these regulations is considered an unfair or deceptive act or practice under the Massachusetts Consumer Protection Act, G.L. c. 93A.

**WHEREFORE,** Plaintiff respectfully requests:

- Actual damages;
- Statutory damages;
- Any other appropriate relief this Court deems proper under 940 CMR 7.00.

## COUNT IV

### Violation of Massachusetts State Sanitary Code, M.G.L. c. 111 and 105 CMR 410
### Defendants: Moses Olatunde, Blessed Moses Corporation, and Beatrice Bamikole

58. Plaintiff was provided with a lease requiring him to pay utility charges (specifically electricity) for a single-room occupancy unit that does not have a separately metered service and shares a utility meter with other tenants.

59. Requiring a tenant to pay utilities without a separate meter violates provisions of the Massachusetts State Sanitary Code, 105 CMR 410.354 and related provisions under M.G.L. c. 111. Defendants' actions contravene public health and safety standards and constitute a failure to provide safe, habitable housing conditions as required by law.

**WHEREFORE,** Plaintiff respectfully requests:

- Civil penalties as provided by law;
- Injunctive relief ordering Defendants to cease billing utilities in this manner;
- Any other appropriate relief deemed just by this Court.

## COUNT V

### Criminal Harassment / Attempted Larceny by False Pretenses
### (M.G.L. c. 265 § 43A; M.G.L. c. 266 § 30)
### Defendants: Moses Olatunde, Blessed Moses Corporation, and Beatrice Bamikole

60. Defendants willfully, knowingly, and falsely informed Plaintiff that he was required to vacate the premises within 14 days due to renovations—knowing no such renovations were scheduled or permitted.

61. These actions were taken shortly after Plaintiff asserted his legal rights through written communications, including withholding rent into escrow pending lease correction.

62. The conduct was coercive, intended to pressure the Plaintiff to surrender his tenancy or pay disputed amounts under false pretenses, constituting criminal harassment under M.G.L. c. 265 § 43A and an attempted larceny by false pretense under M.G.L. c. 266 § 3

**WHEREFORE,** Plaintiff respectfully requests:

- Referral of this conduct to the Massachusetts Attorney General or Suffolk County District Attorney;
- Civil remedies and any other appropriate sanctions this Court deems just.

## COUNT VI

**Potential Violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq.**

**Defendants: Moses Olatunde, Blessed Moses Corporation, Law Office of Stephen T. David, P.C., Attorney Stephen T. David, and Beatrice Bamikole**

63. Plaintiff reserves the right to assert a cause of action under the federal Fair Housing Act should discovery or further evidence establish that Defendants' actions were motivated by discriminatory intent or had a disparate impact based on a protected class (e.g., race, national origin, disability).

64. Plaintiff has reason to believe that the conduct may amount to retaliation for asserting legal rights under state consumer and housing protections, a violation of 42 U.S.C. § 3617.

**WHEREFORE,** Plaintiff respectfully reserves all rights and remedies available under federal housing law, including potential compensatory and punitive damages, injunctive relief, and costs, pending further factual development.

## VERIFICATION AND VALIDATION

I, Dynzel Brown and Michael Brown the undersigned Plaintiff, hereby verify under the pains and penalties of perjury:

1. We are the Plaintiffs in this action.
2. We have read this Verified Complaint and affirm that it is true to the best of our knowledge, information, and belief.
3. The statements herein are based on our personal knowledge and documents in our possession.

Signed under the pains and penalties of perjury this 9th day of June 2025.

Dynzel Brown, Plaintiff

/s/ Dynzel Brown

Michael Brown, Plaintiff

/s/ Michael Brown

Plaintiff: Michael Brown    *Michael Brown*                June 8, 2025

6 Deering Road

Mattapan, Ma 02126

Tel: 617-487-1272

michaelgab184@gmail.com


Plaintiff: Dynzel Brown    *Dynzel Brown*

6 Deering Road

Mattapan, MA 02126

Tel: (857) 395-5598

Email: dynzel87@gmail.com